E-FILED
Tuesday, 16 June, 2026  04:40:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEANNA T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-4088-SLD-RLH |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

In April 2022, Plaintiff Deanna T. filed an application for supplemental security income for a disability that she claims began on February 7, 2021.  R. 196.[1]  The Commissioner of the Social Security Administration ("the Commissioner") denied her application, and Deanna seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  *See generally* Compl., ECF No. 1.  Before the Court is Magistrate Judge Ronald L. Hanna's Report and Recommendation ("R&R"), ECF No. 13, which recommends affirming the Commissioner's decision.

When a dispositive matter is referred to a magistrate judge, he must enter a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  After being served with a copy of the recommended disposition, parties have fourteen days to object to the proposed findings and recommendations.  *Id.* 72(b)(2).  The district judge must determine de novo any portions of the recommended disposition that were properly objected to.  *Id.* 72(b)(3).  If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Upon this review,

---

[1] The record of proceedings before the Social Security Administration can be found at ECF Nos. 6 through 6-10.

1

the district judge may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. Fed. R. Civ. P. 72(b)(3). Because neither party objected to any portion of Judge Hanna's R&R, the Court reviews it for clear error.

In this case, an administrative law judge ("ALJ") found that Deanna was not disabled under the terms of the Social Security Act. *See* R. 207. The Appeals Council ("AC") did not review the matter, R. 1, so the ALJ's decision became the Commissioner's decision. *See Musonera v. Saul*, 410 F. Supp. 3d 1055, 1058 (E.D. Wis. 2019) ("Ordinarily, when the AC denies review, the court evaluates the ALJ's decision as the final word of the Commissioner." (citing *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019)). In his R&R, Judge Hanna recommends affirming the ALJ's decision. R&R 1. His review of the decision was limited to determining whether it is supported by substantial evidence and based on the proper legal standard. *Id.* at 3–4; *see* 42 U.S.C. § 405(g); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Evidence is substantial when it is sufficient for a reasonable person to conclude that the evidence supports the decision." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted).

After reviewing the R&R, the parties' submissions, the administrative record, and the applicable law, the Court finds no clear error in the R&R's review of the ALJ's decision. Accordingly, the Report and Recommendation, ECF No. 13, is ADOPTED and the Commissioner's decision in this matter is AFFIRMED pursuant to 42 U.S.C. § 405(g). The Clerk is directed to enter judgment and close the case.

Entered this 16th day of June, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE